## HENRY TATEM *vs.* HENRY H. ADAMS.

In an action of slander, in which two distinct causes of action are set out in several counts, on some of which, being substantially for one of the causes of action, the plaintiff obtains a verdict, and on the others, being for the other cause of action, the defendant obtains a verdict, the plaintiff, as the prevailing party, is entitled to recover the costs of the action, and, under the Rev. Sts. *c.* 121, § 16, for all evidence introduced by him, which is not specially applicable to the counts on which the defendant obtains a verdict, as, for example, for evidence incident to the assessment of damages, but not for that which is specially applicable to those counts ; and the defendant is entitled to recover costs for the evidence introduced by him, which is specially applicable to the counts on which he prevails, but not for that which is not specially applicable to those counts.

In this case, both parties having appealed from the taxation of costs by the clerk, the matter was argued by *P. C. Bacon*, for the plaintiff, and *B. F. Thomas*, for the defendant. The facts are sufficiently stated in the opinion of the court.

Shaw, C. J. This was an action of slander, in which the plaintiff declared in eight counts; three of them substantially charging the defendant with defamatory words, imputing to the plaintiff an offence committed in Massachusetts; and the other five alleging the slander to consist in imputing to the plaintiff an offence committed in Rhode Island. In effect, therefore, there were two different causes of action stated in the writ. On the counts embracing substantially one of the causes of action, the plaintiff obtained a verdict, and his damages were assessed; and on the counts embracing the other cause of action, the defendant had a verdict. These verdicts being confirmed, and judgment now to be entered, the question is how the costs shall be taxed. The plaintiff, having recovered a verdict for damages, claims the general costs of the cause, and all costs for travel and attendance of witnesses, and for depositions and other evidence, except such as was specially applicable to the counts on which the defendant recovered a verdict. The defendant claims for the travel and attendance of those witnesses, and for depositions and other expenses, which were in any way applicable to the counts on which he recovered.

The English practice differs so essentially from our own, in all respects, that very little aid can be derived, for the settlement of this point, from the English cases. The question depends entirely upon the construction of the statute law of this commonwealth, as contained in the Rev. Sts. c. 121, § 16. The provision of that section is, that " When there are two or more counts in any case, on several and distinct causes of action, and a verdict shall be rendered for the plaintiff on one or more of them, and for the defendant on any other or others, each party shall recover his costs, paid for the travel and attendance of witnesses, and for depositions and other evidence, produced, examined, or used on the

trial of the counts, upon which the verdict is in his favor, and shall recover nothing for the like charges incurred on the trial of the other counts."

In order to come at the true construction of this statute, we must first consider how the law stood before, and then inquire in what respect, and to what extent, this provision has altered it. As the law stood before, if the plaintiff had a verdict on either count, he was the prevailing party, and entitled as such to recover the general costs of the cause, including all witnesses and depositions; and the defendant recovered no costs. But by the alteration of the law effected by this statute, the plaintiff is to recover no costs of the evidence introduced on his part, which is specifically applicable to the count, on which he does not obtain a verdict; and, further, the defendant is entitled to recover for costs of the evidence called and used on his part, which is specially applicable to the count, on which he obtained a verdict. In all other respects the law remains unchanged.

But it must often happen, and, in fact, it occurred in this case, that there was much evidence applicable to both causes of action; for instance, all the evidence incident to the assessment of damages; for if the plaintiff recovers on either count, or on more than one, there must be an assessment of damages; and such assessment is for a gross sum, and is not apportioned by the jury to each count on which the plaintiff recovers. Such costs, then, are costs of the action, and not of either count specially. The plaintiff being the prevailing party, and these costs not being specially applicable to the counts on which the defendant recovers, the court are of opinion, that for the costs incurred by the plaintiff, for evidence applicable to the assessment of damages, he has a right to tax against the defendant; and that for those which the defendant has incurred on the same account, the defendant has no right to tax against the plaintiff.

In the present case, most of the evidence of this kind was that offered to impeach and to sustain the plaintiff's general character, and this could only bear upon the question of dam-

ages. It was argued for the defendant, certainly, with much ingenuity, that one slander might be of a malignant and aggravated character, entitling the plaintiff, if proved, to heavy damages; and that the other, though legally established as slander, might yet be of so slight a character, that no great amount of damages would be likely to be awarded for it. In the latter case, if tried separately, the defendant might not think it necessary to introduce evidence to impair the character of the plaintiff; whereas in the former, he would consider it all important. But if both slanders are embraced in one suit, the defendant must come prepared with evidence, as well to the assessment of damages, on both counts, as to the proof of the slander in both. The court, therefore, it was inferred, ought to look into the character of the different cases of slander, as stated in the different counts, and see whether it would have been reasonable for the plaintiff to call witnesses, or so many witnesses, if the case, in which alone the plaintiff prevailed, had been the subject of a separate action. But we think that this would be quite too loose and uncertain a rule. It would be impossible to form any satisfactory judgment upon the question, whether the plaintiff and the defendant respectively would have been prepared with the same evidence on the assessment of damages, in both cases, if the distinct causes of action had been sued for in distinct actions. We think, therefore, that the question must depend upon the fact, and not upon any hypothetical estimate; and that such costs as are incurred for evidence, on the assessment of damages, when damages are actually recovered, on either count, must be assessed for the plaintiff; and that similar costs incurred by the defendant, must be disallowed in the costs incurred by him and taxed against the plaintiff.

*Clerk to reform his taxation accordingly.*